UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.:

|  |  |
|---|---|
| MICHAEL P. PHILLIPS | ) |
| Plaintiff | ) |
| v. | ) |
| CITY OF METHUEN | ) |
| Defendant | ) |

**COMPLAINT AND JURY CLAIM**

NOW COMES MICHAEL P. PHILLIPS, the plaintiff in the above-entitled action, and hereby states as follows:

1. This is a civil rights action based on unlawful discrimination on the basis of disability or perception and/or record of disability, and failure to reasonably accommodate a disability.

2. The unlawful disability discrimination and failure to accommodate was perpetrated by the defendant employer against a qualified applicant for employment, the plaintiff, in violation of the Americans with Disabilities Act, 42 U.S.C. 12101, et seq. ("ADA") and in violation of M.G.L. Chapter 151B, Section 1, et seq.

3. The unlawful practices were committed in the Federal District of Massachusetts, this Court's judicial district.

4. This Court has jurisdiction of this matter pursuant to the provisions of 42 U.S.C. 12117 and 28 U.S.C. 1331.

5. Plaintiff has asserted claims and requests for relief pursuant to Massachusetts law that arise from the same facts and circumstances as Plaintiff's claims and requests for relief pursuant to Federal law.

6. The Court has Supplemental Jurisdiction of Plaintiff's state law claims pursuant to 28 U.S.C. 1367.

## PARTIES

7. The Plaintiff in this action is MICHAEL P. PHILLIPS (hereinafter referred to as "the plaintiff" or "Mr. PHILLIPS"), an individual now or formerly residing at 19 Sampson Street, Methuen, Massachusetts.

8. Defendant CITY OF METHUEN (hereinafter referred to as "CITY OF METHUEN" or the "City" or the "defendant"), is a municipality and public employer within the Commonwealth of Massachusetts, and is an employer as defined by the ADA and Massachusetts General Laws Chapter 151B, Section 1, now or formerly having a usual place of business at 41 Pleasant Street, Methuen, Massachusetts.

9. At all times relevant to this Complaint, Mr. PHILLIPS, as an applicant for employment with the CITY OF METHUEN, was entitled to the protections against disability discrimination afforded by the ADA and M.G.L. Chapter 151B.

## FACTS COMMON TO ALL COUNTS

10. At all times relevant to this Complaint, Mr. PHILLIPS was qualified for the position of Reserve Police Officer with the CITY OF METHUEN.

11. Mr. PHILLIPS is a person with a disability or handicap or with a record of having a disability or handicap as defined under the ADA and M.G.L. Chapter 151B.

12. Mr. PHILLIPS has a disorder that causes infrequent seizures during specific times such as times of sleep deprivation and at times has affected major life activities such as sleep.

13. The CITY OF METHUEN perceived Mr. PHILLIPS as an individual with a handicap or disability.

14. In 2014, Mr. PHILLIPS applied to the CITY OF METHUEN for a reserve police officer position, a civil service position, after the City posted a notice that they were appointing 25 new reserve officers, and was interviewed for the position.

15. Mr. PHILLIPS was one of the most qualified candidates for the reserve officer position in Methuen in 2014 due to his experience, education and civil service exam score.

16. On January 5, 2015 Mr. PHILLIPS received notice from the City that he was being bypassed in favor of other candidates.

17. Mr. PHILLIPS appealed the City's decision regarding his application to the Civil Service Commission successfully.

18. The civil service commission ordered that Mr. PHLLIPS be notified first of any new openings for the reserve police officer position that the CITY OF METHUEN had.

19. On February 28, 2017 Mr. PHLLIPS received notice from the City of a new opening for a reserve police officer position.

20. Mr. PHILLIPS interviewed again for the position did very well in the interview and was the best candidate for the position.

21. On June 12, 2017 the City sent Mr. PHILLIPS notice that he again was being bypassed.

22. Mr. PHILLIPS appealed the June 2017 decision by the City to the Civil Service Commission.

23. Mr. PHILLIPS and the City settled the matter with the City offering Mr. PHILLIPS the reserve police officer position.

24. On November 29, 2017, the City notified Mr. PHILLIPS that he would not be hired into the reserve police officer position due to his "seizure disorder."

25. Mr. PHILLIPS's seizure condition would not affect his ability to perform the essential functions of the reserve police officer position with the CITY OF METHUEN.

26. Mr. PHILLIPS has performed the position of auxiliary police officer for several years and the duties of a special police officer for in Lawrence Massachusetts.

27. The duties of Mr. PHILLIPS's police officer positions in Lawrence, Massachusetts are virtually identical to the position with the City for which he applied; Mr. PHILLIPS has not been impaired in his ability to perform the essential functions, despite his seizure condition.

28. The City never engaged in any interactive dialogue with Mr. PHILLIPS about his condition, its possible effect on his ability to perform the essential functions of the reserve police officer position, or any potential accommodations that would assure his ability to perform the essential functions of the reserve police officer position.

29. At all relevant times the City had actual and/or constructive knowledge of Mr. PHILLIPS's seizure condition and perceived Mr. PHILLIPS as an individual with disabilities.

30. As an individual with the above described conditions and whose prospective employer perceived him as an individual with disabilities, Mr. PHILLIPS is eligible for protection against disability discrimination under the ADA and M.G.L. Chapter 151B.

31. At all times relevant to this Complaint, CITY OF METHUEN had an obligation and duty to provide Mr. PHILLIPS with a work place and/or employment application process free from discrimination.

32. CITY OF METHUEN finally denied Mr. PHILLIPS's employment application on November 29, 2017.

33. Mr. PHILLIPS was qualified for the position of reserve police officer with the City, and could perform the essential functions of the position, with or without a reasonable accommodation.

34. The CITY OF METHUEN was aware of Mr. PHILLIPS's seizure condition, including as of the time of the denial of Mr. PHILLIPS's application for employment.

35. The CITY OF METHUEN was motivated by disability discrimination and its perception of Mr. PHILLIPS as a disabled person in its decision to deny Mr. PHILLIPS's application for employment.

36. The CITY OF METHUEN's adverse action and denial of Mr. PHILLIPS's employment application caused Mr. PHILLIPS great distress and anxiety.

37. The CITY OF METHUEN bypassed Mr. PHILLIPS with one or more non-disabled employees.

38. The accommodations that Mr. PHILLIPS would have would not have caused an undue burden on the business of CITY OF METHUEN.

39. The accommodations that Mr. PHILLIPS may have requested would not have rendered him unable to perform the essential functions of her position.

40. Mr. PHILLIPS is a qualified disabled person, and is a member of the protected classes of the Americans with Disabilities Act, 42 U.S.C. 12101, et seq.

41. Mr. PHILLIPS is a qualified handicapped person, and is a member of the protected classes of Massachusetts General Laws Chapter 151B Section 1, et seq.

42.     The CITY OF METHUEN's denial of Mr. PHILLIPS's employment application was based on his disability.

43.     The CITY OF METHUEN is unable to articulate a legitimate, non-pretextual, non-discriminatory reason for its adverse actions against Mr. PHILLIPS.

44.     The CITY OF METHUEN's articulated reasons for its adverse action and termination are false and a pretext for discrimination against Mr. PHILLIPS because of his disability or record of disability or the City's perception of Mr. PHIILIPS as a disabled person.

45.     CITY OF METHUEN failed to provide a reasonable accommodation to Mr. PHILLIPS for his disability, and failed to engage in any interactive process with Mr. PHILLIPS to seek a feasible reasonable accommodation, which unlawful failures resulted in CITY OF METHUEN's denial of Mr. PHILLIPS's employment application.

46.     On or about March 28, 2018, Mr. PHILLIPS filed a timely Complaint and Charge of Discrimination against CITY OF METHUEN with the Massachusetts Commission Against Discrimination (the "MCAD"), which was duly cross-filed with the Equal Employment Opportunity Commission (the "EEOC".)

47.     In the Complaint filed with the MCAD and cross-filed with the EEOC, Mr. PHILLIPS alleged that CITY OF METHUEN discriminated against him on the basis of his disability, and failed to accommodate his disability in violation of the ADA and Chapter 151B.

48.     Pursuant to its work-sharing agreement with the EEOC, the MCAD notified CITY OF METHUEN of Mr. PHILLIPS's complaint of discrimination, investigated the complaint, and provided CITY OF METHUEN with an opportunity to conciliate the matters.

## COUNT I – DISABILITY DISCRIMINATION AND FAILURE TO ACCOMMODATE IN VIOLATION OF 42 U.S.C. 12101, et seq.

49.     Plaintiff restates, realleges and incorporates by reference herein allegations one through forty-eight of this Complaint.

50.     Defendants' conduct, as alleged in allegations one through forty-eight of Plaintiff's Complaint, constitutes unlawful disability discrimination and failure to accommodate, in violation of the Americans with Disabilities Act, 42 U.S.C. 12101, et seq.

51.     As a direct and proximate result of Defendants' unlawful disability discrimination, in violation of the Americans with Disabilities Act, 42 U.S.C. 12101, et seq., the plaintiff, MICHAEL PHILLIPS, has incurred and continues to incur substantial loss of wages, earning capacity and fringe benefits, has suffered emotional distress and anguish of mind, and has suffered, and will continue to suffer, other damages as he will show at trial.

52.     Plaintiff complied with the requirement(s) of 42 U.S.C. 12101, et seq. when he properly and in a timely manner filed a complaint with the Massachusetts Commission Against Discrimination, said Complaint which was cross-filed with the Equal Employment Opportunities Commission, said complaint alleging that Defendant denied his employment application because and on account of his disability or record of disability or the defendant's perception of disability, failed to provide him with a reasonable accommodation for a disability, and otherwise subjected him to unlawful disability discrimination.

53.     Plaintiff has duly, properly and in a timely manner notified the Equal Employment Opportunities Commission of his intention to file this Complaint and to seek relief in this Court.

54.     The Equal Employment Opportunities Commission has issued Plaintiff a Notice of his Right To Sue that authorizes Plaintiff to bring this private civil action against this Defendant.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment against Defendant and:

a.  Declare that this Defendant's conduct violated the Americans with Disabilities Act, 42 U.S.C. 12101, et seq.;

b.  Enjoin this Defendant from subjecting Plaintiff to further disability discrimination;

c.  Issue a mandatory injunction compelling Defendant to provide training to its employees, officers and agents, designed to eliminate, prevent and reduce disability discrimination;

d.  Award Plaintiff compensatory damages;

e.  Award Plaintiff multiple damages;

f.  Award Plaintiff punitive damages;

g.  Award Plaintiff reasonable attorneys' fees, statutory interest, and the costs of this action; and

h.  Issue such other relief as the Court deems just and proper.

## COUNT II – DISABILITY / HANDICAP DISCRIMINATION AND FAILURE TO ACCOMMODATE IN VIOLATION OF M.G.L. CHAPTER 151B, SECTION 4

55.  Plaintiff restates, realleges and incorporates by reference herein allegations one through fifty-four of this Complaint.

56.  The defendant's conduct, as alleged in allegations one through fifty-four of Plaintiff's Complaint, constitutes unlawful disability discrimination in violation of Massachusetts General Laws Chapter 151B, Section 4.

57.  As a direct and proximate result of the defendant's unlawful disability discrimination in violation of M.G.L. Chapter 151B, Section 4, Plaintiff, MICHAEL PHILLIPS, has incurred and

continues to incur substantial loss of wages, earning capacity and fringe benefits, has suffered emotional distress and anguish of mind, and has suffered, and will continue to suffer, other damages as he will show at trial.

58. Plaintiff complied with the requirement(s) of Massachusetts General Laws Chapter 151B, Section 5 when he properly and in a timely manner filed a complaint with the Massachusetts Commission Against Discrimination, said complaint alleging that the defendant denied his employment application because and on account of his disability, record of handicap or disability and/or the defendant's perception of handicap or disability and otherwise subjected him to unlawful disability discrimination.

59. More than ninety days have passed since Plaintiff filed a Complaint of disability discrimination with the Massachusetts Commission Against Discrimination.

60. Massachusetts General Laws Chapter 151B, Section 9 authorizes Plaintiff to bring this private civil action against the defendant.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment against the defendant and:

a. Declare that the defendant's conduct violated Massachusetts General Laws Chapter 151B, Section 4, as amended;

b. Order that the defendant reinstate the plaintiff;

c. Enjoin the defendant from subjecting Plaintiff to disability discrimination;

d. Issue a mandatory injunction compelling the defendant to provide training to their agents, employees and officers designed to eliminate, prevent and reduce disability discrimination;

e. Award Plaintiff compensatory damages;

f. Award Plaintiff multiple damages;

g.  Award Plaintiff punitive damages;

h.  Award Plaintiff reasonable attorneys' fees, statutory interest, and the costs of this action;

and

i.  Issue such other relief as the Court deems just and proper.


**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL ISSUES SO TRIABLE**


Respectfully submitted,
For the plaintiff,



/s/      Sol J. Cohen
Sol J. Cohen
BBO # 630776
COHEN & SALES, LLC
60 Walnut Street, 4th Floor
Wellesley, MA 02481
(617) 621-1151
e-mail: soljcohen@cohenandsales.com